

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROBERTO RUBIO MONTENEGRO, PRO SE, § | | |
| A.K.A. RUBIO ROBERTO MONTENEGRO, § | | |
| TDCJ-CID No. 1410346, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 2:08-CV-0223 | |
| § | | |
| THE 108TH JUDICIAL DISTRICT COURT, § | | |
| THE SEVENTH COURT OF APPEALS, § | | |
| THE COURT OF CRIMINAL APPEALS, and § | | |
| THE SUPREME COURT OF TEXAS, § | | |
| § | | |
| Defendants. § | | |

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff ROBERTO RUBIO MONTENEGRO, also known as RUBIO ROBERTO MONTENEGRO, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff alleges on or about August 21, 2008 he submitted a "notice to sue," containing a demand for monetary damages for wrongful imprisonment, with Declaration of Inability to Pay Cost but "the Clerk failed to file [plaintiff's] claim." Plaintiff does not state whether the Clerk in question was the Clerk of the defendant 108th JUDICIAL DISTRICT COURT. He claims he filed a notice of appeal in THE SEVENTH COURT OF APPEALS in cause no. 07-08-00350-CV in March of 2008. Plaintiff further claims he filed a Petition for Mandamus in THE COURT

OF CRIMINAL APPEALS on September 2nd and September 8th. Lastly, plaintiff claims he filed a direct appeal to THE SUPREME COURT OF TEXAS on September 18, 2008.

Plaintiff provides no further details concerning the above-listed filings except to state that, on November 21, 2008, in Case No. 08-0798, "the Supreme Court issued a 'white card' denied [sic] the petition for writ of mandamus, without any findings and conclusions of law . . . and without judicial signature to authorize such order [ellipses in the original]."

Plaintiff characterizes his action in this Court as one for "judicial review of questions of law challenging the significant [sic] of Equal Right's [sic] under State Law" and requests "injunctive relief to force the State to obey it's [sic] laws and the Constitution."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.

---

[1]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

§ 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

At least the first submission plaintiff complains of, the August 21, 2008 attempted filing of a "notice to sue" concerns a civil claim, as it asserted a claim for "damages for wrongful imprisonment." The Court notes plaintiff does not provide any details concerning the nature of the other filings he references. To the extent that, by complaining of state action or inaction in these filings, plaintiff is attempting to assert a habeas action, he has not indicated he has exhausted state remedies as required; he has not utilized a petition for writ of habeas corpus; and, critically, he has not requested habeas relief. The only relief plaintiff requests in the form of mandamus.

Federal courts are without power to issue writs of mandamus directing state courts or their judicial officers in the performance of their duties where mandamus is the only relief sought. *Lamar v, 118th Judicial District Court of Texas*, 440 F.2d 383 (5th Cir. 1971).

Plaintiff alleges no nonfrivolous claim against the defendants. "[L]itigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts case in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986).

---

[2]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

Moreover, the relief plaintiff seeks is in the nature of mandamus relief. Federal courts have no power to direct state judicial officials in the performance of their functions. *See Moye v. Clerk, Dekalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973). Consequently, this Court lacks jurisdiction to grant the relief requested. *See*, *Santee v. Quinlan*, 115 F.3d 355, 356 (5th Cir. 1997).

Further, plaintiff has plead his mandamus action was denied by the Supreme Court. If plaintiff intended to say his mandamus action was denied by defendant THE TEXAS SUPREME COURT, there is no longer an action pending before that court for it to act upon, even if so ordered.

Plaintiff's allegations against all the defendants fail to state a claim on which relief can be granted. *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___ n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff ROBERTO RUBIO MONTENEGRO, also known as RUBIO ROBERTO MONTENEGRO, be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED THIS 7TH DAY OF JANUARY 2009.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE